IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES E. NOBLE,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:14-CV-2791-M-BK |
| | § | |
| DR. RICHARD C. ANDREWS, et al.,<br>    Defendants. | §<br>§ | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

On June 26, 2014, Plaintiff James E. Noble, a Dallas resident, filed a *pro se* civil rights complaint, along with a motion to proceed *in forma pauperis*, against Defendants Richard C. Andrews and Larry Blackburn, Dallas doctors. [Doc. 1; Doc. 2]. Although Plaintiff initially filed the complaint in the United States District Court for the Eastern District of Wisconsin, the case was transferred to this Court on August 4, 2014. In correspondence submitted to the Eastern District of Wisconsin, Plaintiff references exhibits reflecting his name as James E. Nobles and acknowledges filing prior cases in this Court. [Doc. 6 at 2-4; Doc. 11 at 1-2].

Indeed Plaintiff is no stranger to this Court. In 2003, after filing over twenty actions under the name of James E. Nobles, the Court sanctioned him $500 for abuse of the litigation process and disregarding court orders. *See Nobles v. Roberson*, No. 3:03-CV-2703-M (N.D. Tex. Dec. 24, 2003). The sanction order barred Plaintiff from filing any civil action in this Court unless he pays a sanction of $500 and obtains judicial preapproval before filing any civil action *in forma pauperis*. *Id.*

In 2010 and 2011, Plaintiff filed seven additional actions (four under the name of James E. Nobles, and three under the name of James E. Noble, as in this case), which the Court

dismissed for failure to comply with the 2003 sanction order.  *See* Case Nos. 3:10-CV-02294-L; 3:10-CV-02296-K; 3:10-CV-02423-P; 3:10-CV-02628-D; 3:11-CV-02241-B; 3:11-CV-2242-B; 3:11-CV-2244-N.

Plaintiff has not paid the 2003 sanction prior to filing this complaint.  He has also failed to seek judicial preapproval before filing this civil action.  Accordingly, it is recommended that Plaintiff's motion to proceed *in forma pauperis* be **DENIED**, and that this case be **DISMISSED** without prejudice for failure to comply with the sanction order in Case No. 3:03-CV-2703-M.

In addition, the Clerk of the Court should be **directed** to add the alias James E. Nobles to the docket sheet in this case and Case Nos. 3:11-CV-02241-B, 3:11-CV-2242-B, and 3:11-CV-2244-N.

SIGNED August 25, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* [28 U.S.C. § 636(b)(1)](); [FED. R. CIV. P. 72(b)](). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See [Douglass v. United Services Automobile Ass'n,]() 79 F.3d 1415, 1417 (5th Cir. 1996)*.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE